On February 5, 1995, Edna May Sluss died. On August 3, 1995, Shirlely A. Matz was appointed administratrix of Ms. Sluss's estate.
Prior to her death, Ms. Sluss was under a guardianship. At the time of Ms. Sluss's death, the guardianship account contained four investment accounts, two with Butcher Singer and two with Edward D. Jones Co.
Appellant, James W. Childs, Esq., represented the guardianship and agreed to represent Ms. Sluss's estate. On March 2, 1998, appellant filed a fee application in the amount of $22,280.88. The notice of attorney fees listed the amount of $20,822.20 and the consent to attorney fees listed the amount of $30,446.50. Hearings were held on March 24, 1998, May 29, 1998 and August 10, 1998. By Findings of Fact and Conclusions of Law filed October 21, 1998, the trial court awarded appellant $19,000.00 in attorney fees. By judgment entry filed November 25, 1998, the trial court ordered appellant to repay Ms. Sluss's estate $11,455.50 which represented the $30,455.50 in attorney fees appellant paid to himself minus the $19,000.00 amount the trial court awarded in attorney fees.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE COURT ERRED AND ABUSED ITS DISCRETION IN DENYING THE ESTATE DEPOSITION DISCOVERY OF THE EXCEPTING HEIRS.
II
 THE COURT ERRED AND ABUSED ITS DISCRETION IN STRIKING THE DEPOSITION OF HON. PERRY G. WISE.
III
 THE COURT ERRED AND ABUSED ITS DISCRETION IN STAYING THE DEPOSITION OF ATTY. ELLEN KAFOREY.
IV
 THE COURT ABUSED ITS DISCRETION AND RULED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW DATED OCTOBER 21, 1998, AND JUDGMENT THEREON DATED NOVEMBER 24, 1998, IN FINDINGS NUMBERED 7, 11, 12, 23, 24, 25, 26, 27, 28, 29, AND CONCLUSIONS NUMBERED 3, 7, 11, 12, 13, 14, 15, 
16.
 I, II, III
Under these assignments of error, appellant challenges the trial court's decision to grant protective orders on the discovery depositions of the excepting heirs and the trial depositions of appellant's experts, Judge Perry Wise and Ellen Kaforey, Esq. Given the fact appellant did not subpoena or call for cross-examination the excepting heirs and presented his experts live at trial, we find these challenges to be moot.
Assignments of Error I, II and III are moot.
 IV
Appellant claims the trial court's decision on the amount of reasonable attorney fees was against the manifest weight of the evidence. We disagree.
The decision as to the amount of appropriate attorney fees to be awarded in a probate estate involves a review of the actual work, time and efforts of the petitioning attorney and the law. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993),66 Ohio St.3d 610.
Appellant argues his experts' testimony on the reasonableness of the submitted fees was unrefuted therefore, the trial court erred in not awarding the entire amount submitted. Appellant challenges the trial court's Findings of Fact Nos. 7, 11, 12 and 23-29 which state as follows:
 7. Entry Appointing Fiduciary; Letters of Authority was submitted to the Court on August 3, 1995 and Letters of Authority were issued on the same date.
 11. Attorney Childs received checks for attorney fees from Shirley Ann Matz, Administrator of the Estate of Edna M. Sluss for legal services to the estate as follows:
$5,000.00 under date of February 27, 1996.
48,000.00 under date of May 17, 1996.
$7,375.70 under date of October 29, 1996.
 $9,624.30 date not specified but in the year 1995.
$446.50 under date of April 11, 1996.
 12. None of the attorney fees set forth in Item 11 were approved by the Probate Court prior to their receipt.
 23. Copies of decedent's federal income tax returns for the years 1992-1995 were requested in the federal audit letter. (Plaintiff's Exhibit 3)
 24. Attorney Child's time records show 13.8 hours (Plaintiff's Exhibit 2) in copying documents for the IRS audit, which time claimed was not reasonable.
 25. Attorney Child's time/records show approximately 183 hours (Plaintiff's Exhibit 2) for IRS audit services, and preparation of tax returns for the estate, which time claimed was not reasonable.
 26. Attorney Child's time records show 22.8 hours (Plaintiff's Exhibit 2) in preparing the Inventory and Appraisal form for the estate, which time claimed was not reasonable.
 27. Attorney Child's time records (Plaintiff's Exhibit 2) show in excess of 36 hours in conferences with the fiduciary, which time claimed was not reasonable.
 28. Attorney Child's time records (Plaintiff's Exhibit 2) shows 37.6 hours in preparing and filing estate accountings, which time claimed was not reasonable.
 29. The Final Account in the guardianship of Edna May Sluss filed January 29, 1996 in Case No. 141301; the Schedule of Assets in Case No. 157953 in the Estate of Edna May Sluss and Schedule B — Stocks and Bonds — Form 706 United States Tax Return do not reflect any calculations to determine date of death valuations of individual securities contained in the four brokerage accounts.
Finding of Fact No. 7 merely states when the entry appointing the fiduciary and the letters of authority were filed. We fail to see how any error on said finding reflects upon the trial court's determination.
Finding of Fact No. 11 sets forth the payments made to appellant and the dates of these payments. Appellant argues the $9,624.30 amount dated in 1995 was not an amount chargeable to the estate but was in fact payment for attorney fees for the guardianship. The September 6, 1996 Fiduciary's Account form for the period February 5, 1995 to January 31, 1996 includes a line which lists the $9,624.30 amount as "attorney fees [this accounting period]." Said amount is listed in the Receipt and Disbursements form as "attorney fees estate."
Finding of Fact No. 12 states none of the paid fees to appellant had the Probate Court's prior approval. Upon review of the docket, we find this to be true.
Findings of Fact Nos. 23-29 specifically find the time for completing certain tasks in settling the estate was unreasonable. Appellant claims because no evidence was presented other than the reasonableness of the fees, these findings are in error. Appellees argue contra evidence was presented. The administratrix herself testified she performed the tasks of collecting the estate tax return and copying it. August 10, 1998 T. at 206-207. The IRS audit (Exhibit P, Appellee's brief) indicates only one meeting with appellant on October 29, 1996.
The trial court makes specific findings (Nos. 26-29) on the actual preparation and filing of the state's inventory, appraisals, accounting and tax return valuations. We note the Court of Common Pleas of Stark County, Ohio, Probate Division administers approximately 2,089 estates per year.[1] We are assured when it comes to reviewing accounts and time records, the trial court has more than ample experience to review them and pass on the reasonableness of the time charged in comparison to all other cases administered by the trial court. Just as a determination on the credibility of the witnesses who testify is generally left to the trier of fact, so to should the issue of reasonableness of attorney fees. We are not implying that expert testimony is not needed or helpful. Expert testimony and the records of the estate are the facts from which the trier of fact determines reasonableness.
Appellant further argues the local fee schedule is higher than the amount requested. We find it to be incredulous of appellant to argue the strict enforcement of the local rules when he violated them by paying himself fees without court authorization.
Appellant challenges the trial court's Conclusions of Law Nos. 3, 7 and 11-16 which state as follows:
 3. DR 2-106(B) of the Code of Professional Responsibility states that a fee is clearly excessive when, after review (emphasis added) of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee.
 7. Stark County Local Rule 71.1 sets forth in seven separate designated paragraphs the procedure for approval of attorney fees in decedent's estates and none of these procedures was followed in the case at bar.
 11. The Probate Court Judge is qualified to make a determination, upon evidence, of the reasonable attorney fees to be paid from an estate without the necessity of expert testimony. In Re: Estate of Haller (Ohio App. 10th Dist. 1996) 116 Ohio App.3d 866.
 12. If expert testimony is presented, the credibility of such witnesses and the weight to be given is for the probate court to determine. In Re: Estate of Haller, supra.
 13. The case at bar consisted of totally liquid assets whose values were readily ascertainable, and the administration of which did not justify the total time claimed as attorney fees.
14. The federal tax audit was not remarkable.
 15. Upon the testimony and evidence presented, a reasonable number of hours necessary to be expended in the rendering of legal services for the administration of the estate in question would be 200.
 16. Total compensation due Attorney James W. Childs is $19,000.00, to wit, 200 hours at $95.00 per hour.
Conclusion of Law No. 3 refers to DR 2-106(B) of the Code of Professional Responsibility. This statement is not a conclusion of law but a statement of the code.
Conclusion of Law No. 7 concludes appellant failed to comply with Loc.R. 71.1. The part of the rule that relates to procedure as applied sub judice states as follows:
 B. Where the attorney on application to the court prior to or during administration requests a fixed fee, the court, if it deems appropriate and after appropriate notice to the interested parties, will then fix a reasonable fee for services beneficial to the administration of the estate.
Appellant and the record concede prior authorization for the payment of interim fees was not done.
Conclusions of Law Nos. 11 and 12 merely state case law and are not subject to dispute.
Conclusions of Law Nos. 13-16 are the conclusions the trial court makes from the evidence presented. As previously noted, these factual determination i.e., settling and liquidity of the estate, intensity of the federal audit, are supported by the evidence, records and accounts filed.
Upon review, we find the trial court did not err in conducting its own independent review of the facts presented. It is well within the trial court's discretion to determine the reasonableness of the submitted fees. Appellant's failure to follow the local rules is further evidence of the reasonableness of his representation.
Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Probate Division is hereby affirmed.
By Farmer, J., Gwin, P.J. and Edwards, J. concur.
----------------------------
----------------------------
 ---------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Probate Division is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] See, 1997 Ohio Court's Summary published by the Supreme Court of Ohio.